PALACIOS, PLAINTIFF AND APPELLEE, *v.* GONZÁLEZ, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in an Action of Debt.

No. 3355.—Decided January 22, 1925.

DEBT—EVIDENCE—DISCRETION OF COURT.—The court has discretion to admit evidence offered by the plaintiff after the defendant has rested.

ID.—ID.—SURETY—EXTENSION OF TIME.—The obligation having become due on January 19, 1920, and the action against the surety not having been brought until June 29, 1923, the plaintiff could prove, although it had not been alleged, that notwithstanding the time elapsed the surety was still bound because at his request extensions of time for payment were granted the debtor.

APPEAL—PASSION AND PREJUDICE.—If the remarks attributed to the court as showing passion and prejudice concerning the credibility of a witness whose deposition was offered do not appear in the record, the Supreme Court has no basis upon which to consider the question.

The facts are stated in the opinion.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellant.

*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was adjudged to satisfy as surety the obligation sued on and in his appeal from the judgment he al-

leges that the court erred in admitting in evidence certain letters; in admitting evidence offered by the appellee after the appellant had rested; in not giving credit to a certain witness for the defendant, and in sustaining the complaint without taking into account that the obligation had been renewed.

After the plaintiff had rested he was permitted to introduce in evidence the original promissory note on which he based his action. This is alleged to be error, but the court had discretion to admit the evidence offered by the plaintiff after the defendant had rested. But that evidence was unnecessary, inasmuch as the promissory note was copied into the complaint and its authenticity was admitted by the defendant when he failed to deny it under oath in his answer in accordance with section 119 of the Code of Civil Procedure.

At the trial the creditor offered in evidence three letters written to him by the surety on March 7, March 9 and May 14, 1922, and their admission by the court is assigned as error on the ground that they do not correspond with any of the allegations of the complaint and are immaterial in an action to recover on a promissory note. Such evidence was not impertinent in this case. The obligation matured on January 19, 1920, and the action against the surety was not brought until June 29, 1923; therefore, the plaintiff could prove, although it had not been alleged, that notwithstanding the time elapsed the surety was still bound because at his request extensions of the time for payment were granted the debtor.

The question of whether the obligation was renewed on October 27, 1922, without the consent of the surety, which is the only defense of the defendant, and whether for that reason he is not bound to satisfy the obligation depends upon whether the creditor accepted from his debtor a new obligation including the amount claimed together with the amount of another note and the interest due up to that time

without the security of the defendant surety. The evidence on this question was contradictory and the court adjusted the conflict adversely to the defendant, and the evidence does not show that the court erred in so adjusting the conflict.

It is also alleged that the trial judge expressed himself in language very unfavorable to the credibility that should be given to the depositions and made remarks full of passion and prejudice concerning them, for which reason he did not believe the testimony of a witness for the defendant whose deposition was offered. However, as these remarks attributed to the court do not appear in the record, we have no basis for determining whether there was prejudice against the testimony of the said witness.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.